STATE OF MAINE
ANDROSCOGGIN,ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-21-002

AUG 30 '21 PM2:33
ANDRO SUPERIOR COURT

MOHAMED MOHAMUD )
)
)
)
)
vs. )
)
)
)
)
)
)
)
SECRETARY OF STATE )
)

DECISION AND ORDER

RULE 80C APPEAL

Mohamed Mohamud, Petitioner, has filed a Petition for Review pursuant to M.R.

Civ. P. 80C and 5 MRSA Section 11001 seeking to overturn the suspension of his

driver's license by the Secretary of State. The primary argument of the Petitioner is that

because there was no evidence that Carboxy-THC leads to impairment, there was not

sufficient evidence for the Secretary of State to find that he operated a motor vehicle

under the influence of the confirmed drug. Title 29-A M.R.S.A. § 2453-A (7)(C).

Facts.

On September 13, 2020, at approximately 1 a.m., Officer Sarah Angelo of the

Orono Police Department initiated a traffic stop of Petitioner's vehicle after observing it

traveling at a high rate of speed. (Record, Tab 5, pp.5-11). After the vehicle stopped, the

officer made contact with the Petitioner, who was the driver and sole occupant of the

vehicle. (Id.). Upon making contact with Petitioner, Officer Angelo immediately smelled

1

a very strong odor of marijuana and observed that Petitioner's eyes were bloodshot. (Record, Tab 5, p. 11). Officer Angelo also observed that Petitioner had a green tongue and fresh "shake", or marijuana pieces, on his shirt. (Record, Tab 5, pp. 12-13, 16). Petitioner acknowledged using marijuana earlier in the evening. (Record, Tab 5, p. 11).

Officer Angelo then had the Petitioner perform a number of field sobriety tests, including walk-and-turn, one-leg stand, modified Romberg balance test, and written alphabet test. (Record, Tab 5, pp.14-17). From these tests, Officer Angelo observed multiple clues indicating impairment, including leg tremors, loss of balance, and stepping off the line during the walk-and-turn test; putting his foot down, swaying, and raising his arms during the one-leg stand test; swaying and slowed perception during the Romberg test; and writing the number 7 for the month of September during the alphabet test. (Record, Tab 5, pp. 14-17). Based on those results and observations, Officer Angelo arrested the Petitioner and transported him to the station for further tests[1]. (Record, Tab 5, p. 17).

At the station, Officer Angelo first had the Petitioner take an Intoxilyzer exam, which produced a result of 0.00. (Record, Tab 5, pp. 18-19). Officer Angelo next performed a DRE evaluation on the Petitioner. The results of the DRE evaluation included no clues for horizontal or vertical gaze nystagmus, but did show lack of convergence, all consistent with cannabis use. (Record, Tab 5, p. 20). Officer Angelo made several other observations consistent with marijuana use, including slowed perception time, body tremors, bloodshot eyes, rebound dilation, a green tongue, and a strong odor of marijuana from the Petitioner's vehicle. (Record, Tab 5, pp. 21-22). Based

---

[1] Officer Angelo was at that time a certified Intoxilyzer operator and certified drug recognition expert. (Record, Tab 5, pp.9-10).

on those test results and observations, Officer Angelo was of the opinion the Petitioner was under the influence of cannabis, or marijuana, and requested a blood test. (Record, Tab 5, pp. 18-19). The blood draw was done around 3:45 a.m. (Record, Tab 5, p. 44).

The blood test confirmed the presence of Carboxy-THC. (Record, Tab 8). Carboxy-THC is the inactive ingredient or metabolite of THC. (Record, Tab 5, p. 42). Blood tests will disclose use of marijuana for some number of days after use, and marijuana metabolizes quickly. (Id.).

Standard of Review.

In its appellate capacity, the court reviews the decision of the hearing officer for errors of law, abuse of discretion, or findings not supported by substantial evidence on the record. *Melanson v. Sec'y of State,* 2004 ME 127,¶7. That review is limited to whether the hearing officer's factual findings are supported by any competent evidence and whether he correctly applied the law to the facts of the case. *Vector Mktg. Corp. v. Me. Unemployment Ins. Comm'n,* 610 A.2d 272, 274 (Me. 1992). Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support the resultant conclusion. *Crocker v. Maine Unemployment Security Comm'n,* 450 A.2d 469, 471 (Me. 1982).To overturn the decision, the burden of proof is with the Petitioner. *Zegel v. Bd. Of Soc. Worker Licensure,* 2004 ME 31, ¶ 14, 843 A.2d 18, 22.

At the administrative hearing, the scope is whether:

A. The person operated a motor vehicle with a confirmed positive blood alcohol or urine test for a drug or its metabolite;

3

B. there was probable cause to believe that the person was operating a motor vehicle while under the influence of a specific category of drug, a combination of specific categories of drugs or a combination of alcohol and one or more specific categories of drugs; and

C. The person operated a motor vehicle under the influence of the confirmed drug. Title 29-A M.R.S.A. § 2453-A (7).

The purpose of administrative hearings is to provide maximum safety for all persons who travel on or otherwise use the public ways and to remove quickly from public ways those persons who have shown themselves to be a safety hazard by operating a motor vehicle with an excessive alcohol level. 29-A M.R.S.A. §2453-A(1)(A)(B).

Discussion.

Petitioner challenges the Hearing Examiner's finding that he violated Subsection C of 29-A, M.R.S.A. §2453-A(7)- that he operated a motor vehicle while under the influence of the confirmed drug-because the drug test only confirmed the presence of Carboxy-THX, which is the inactive metabolite of THC. The thrux of his argument is that because the drug confirmed to be present by the blood test was Carboxy-THC, and Carboxy-THC is the inactive metabolite that does not cause impairment, there was no evidence to support the hearing officer's finding that the Petitioner operated a motor vehicle while under the influence of a confirmed drug.

First of all, Petitioner reads 29-A, M.R.S.A. §2453-A (7) too narrowly. Subsection A requires a finding of operation of a motor vehicle with a confirmed test *for*

4

*a drug or its metabolite.* 29-A, M.R.S.A. §2453-A(7)(A). Petitioner does not challenge this finding as the blood test confirmed the presence of Carboxy-THC, which is the metabolite of marijuana. Subsection C requires a finding of operation of a motor vehicle while under the influence of the *confirmed* drug. 29-A, M.R.S.A. §2453-A(7)(C). The test confirmed the presence of a metabolite of the drug marijuana. In other words, by confirming the presence of the metabolite of marijuana, there was confirmation of marijuana use.

Confirmation of prior drug use is all the blood test can establish. Unlike alcohol, in which evidence of impairment exists at a specific measurable amount, no such threshold or measurement exists for drugs under Maine law. (See 29-A, M.R.S.A. §2411(1-A); 29-A M.R.S.A. § 2453(2)- "For the purposes of this section, 'operating a motor vehicle with an excessive alcohol level' means operating a motor vehicle with an alcohol level of 0.08 grams or more of alcohol per 100 millileters of blood or 210 liters of breath"). A blood test for drugs does not provide similar measurements or thresholds that can be considered as evidence of impairment or of being under the influence. The blood test can only confirm the presence or use of a drug. Accordingly, proving operation of a motor vehicle while *under the influence* of the confirmed drug always requires evidence in the form of observations or other findings made from accepted tests of impairment. In this case, such evidence exists.

In this case, the record supports findings that the Petitioner admitted to smoking marijuana, and when Officer Angelo first encountered the Petitioner after stopping his vehicle she smelled a strong odor of marijuana and observed bloodshot eyes, marijuana debris on his shirt, and a green tongue. Field sobriety tests were performed which

5

produced several signs of impairment, including loss of balance, swaying, stepping off line, tremors, and slowed perception. And the officer performed a DRE evaluation which also produced evidence of impairment. All of these facts support Officer Angelo's opinion, and the Hearing Examiner's finding, that the Petitioner was impaired by drugs.

Finally, there is sufficient evidence in the record to support the Hearing Examiner's finding the officer was more credible that because the blood test only showed the presence of the inactive metabolite Carboxy-THC did not mean Petitioner was not impaired at time of operation, because cannabis continues to metabolize after the blood sample is drawn. (Record, Tab 5, pp. 41-46).

The Hearing Examiner's findings are supported by substantial evidence on the record. Petitioner's appeal of the Secretary of State's administrative suspension is denied.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Dated: 8/30 , 2021

Justice, Superior Court

6

Date Filed 03-36-21          Androscoggin County          Docket No. AP-21-02

Action: 80C Appeal

<table>
<tr><td>Mohamed Mohamud<br>240 Lisbon Street<br>Lewiston, ME 04240</td><td>vs.</td><td>Secretary of State</td></tr>
</table>

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Jeffrey Dolley, Esq.<br>145 Lisbon St 3rd Fl<br>Lewiston, ME 04240 | Donald Macomber, Esq.<br>Asst Attorney General |

Date of Entry

2021

Mar 26          Received 03-26-21:
                Rule 80C Appeal filed.

April 5         Received 04-05-21:
                Entry of Appearance of Donald Macomber, Esq. for Respondent filed.

                Respondent's Motion to Dismiss Appeal with CD of hearing filed.

April 12        Received 04-12-21:
                Letter from Donald Macomber, Esq. to Mahomed Mahomud filed.

April15         Received 04-15-21:
                Response to Motion to Dismiss filed.

April 26        Received 04-26-21:
                Respondent's Reply to Petitioner's response to Motion to Dismiss filed.

April 26        Received 04-26-21:
                Certified Record filed.

June 7          Received 06-07-21:
                Order on Motion to Dismiss filed. (Stanfill, J.)
                Motion to Dismiss is denied and the Clerk shall issue a briefing schedule.
                This Order denying the motion to dismiss may be incorporated on the docket
                Of this case by reference.
                Copies to parties.

June 7          On 06-07-21:
                Notice and Briefing Schedule filed.